# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

JUNE 25, 2013

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner
JUDICIAL ASSISTANT
```

June 25, 2013

## LETTER OPINION
## ORIGINAL FILED WITH THE CLERK OF THE COURT

Greenbaum Rowe Smith & Davis, LLP
Thomas A. Waldman, Esq.
75 Livingston Avenue, Suite 301
Roseland, New Jersey 07068
*Counsel for Plaintiff,*
*Nancy Isaacson, Chapter 7 Trustee*

Teich Groh
Allen I. Gorski, Esq.
691 State Highway 33
Trenton, New Jersey 08619
*Counsel for Defendant,*
*Jose C. Espinosa*

Kaplan & Levenson, P.C.
Steven Kaplan, Esq.
433 Hackensack Avenue
Hackensack, New Jersey 07601
*Counsel for Diamond Life (HK), Ltd.*

Trenk DiPasquale Della Fera & Sodono P.C.
Jennifer D. Talley, Esq.
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
*Counsel for Crown Bank*

Re:    **Nancy Isaacson, Trustee v. Jose C. Espinosa**
       **Consolidated Adv. Pro. No. 12-01880 (DHS)**

       **Diamond Life Lighting (HK), Ltd. v. Jose C. Espinosa**
       **Adv. Pro. No. 12-01881 (DHS)**

       **Crown Bank v. Jose C. Espinosa**
       **Adv. Pro. No. 12-01882 (DHS)**

Page 2
June 25, 2013

Dear Counsel:

Before the Court is the motion of Nancy Isaacson, chapter 7 trustee ("Trustee"), seeking summary judgment denying Jose C. Espinosa ("Defendant" or "Debtor") a discharge pursuant to 11 U.S.C. § 727(a)(2), because Defendant, with intent to hinder, delay or defraud his creditors, transferred his property within one year of the filing of his Chapter 7 bankruptcy petition and alternatively, pursuant to 11 U.S.C. § 727(a)(4)(A), because the Defendant knowingly and fraudulently made false oaths in his bankruptcy petition as well as under oath at the Rule 2004 examination.   Both Crown Bank and Diamond Life Lighting Mfg. (HK) Ltd., join in the Trustee's Motion for summary judgment.   The Defendant opposes judgment and asserts that genuine issues of material fact exist.   Specifically, that the Trustee has failed to prove the requisite intent to hinder, delay or defraud, and that the alleged omissions were knowingly and fraudulently made, or that they were material.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(J).   Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).   The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**Trustee's Statement of Undisputed Facts**

- On January 13, 2011, the Debtor sold and assigned his one-third interest in a real estate partnership to his father-in-law, Milton Fonseca, for $80,000 (the "Sale and Transfer").

Page 3
June 25, 2013

- In April of 2011, Debtor transferred $50,000 of the proceeds of the Sale and Transfer to his wife, Kenia Espinosa, without receiving any consideration.

- Debtor's wife used the funds transferred to her to invest in and start up a new business, PTY Lighting, LLC, of which she is the only member and owner.

- Debtor does not own an interest in PTY Lighting and did not claim any interest on his Chapter 7 Petition.

- At the time of the Sale and Transfer, the Debtor was the defendant in a civil action brought against his business, Pecaso Lighting, LLC, by Diamond Life Lighting (HK) Ltd., who ultimately obtained a judgment against him in excess of $1.2 million.

- The Sale and Transfer hindered or delayed Diamond Life Lighting's ability to collect on its judgment.

- The Debtor's false oaths relate to his failure to disclose ownership of a Cartier watch on his Chapter 7 petition, denied its ownership during his Rule 2004 examination, and claimed it was the property of his former business partner Shlomo Shem-Tov.  The Trustee asserts his failure to disclose the watch was an attempt to conceal his ownership of a valuable asset.

- The Debtor failed to disclose on his Chapter 7 Petition: (1) his interest in a 1997 Cruiser Cabin fiberglass 30-foot pleasure boat and (2) income from 34 Reed Street, Elizabeth, New Jersey, which he co-owns with his wife.

In support of the Trustee's Motion, Mr. Shem-Tov certifies that he was a business partner with the Debtor in Pecaso Lighting and that he had, when business was good in 2005 or 2006,

Page 4
June 25, 2013

purchased two identical Cartier watches.  He states that he gave one to the Debtor as a gift and stated this when counsel for the trustee approached him at the 341a meeting in Mr. Shem-Tov's own bankruptcy proceeding.  Mr. Shem-Tov also states that he sold his identical watch in 2011.

Mr. Thomas Waldman, counsel for the Trustee, indicates in his certification that the Debtor's answer to this adversary complaint acknowledged that he transferred $50,000 to his wife, that he understood it was marital property, but that he does not, as spouse, have any interest in the start-up company PTY Lighting, LLC.  Mr. Waldman also certifies that Schedule B of the Debtor's petition discloses a generic watch which Debtor testified is a Swatch watch valued at $500 and that the Debtor testified at his 2004 examination that he did not own but simply wore the Cartier watch which Mr. Shem-Tov had left in his office when he left the company.  After documentation was requested as to the ownership of the watch, the Debtor turned over the watch to the Trustee.  Mr. Waldman also certifies that the Debtor testified to have "forgot" about the ownership in the boat and that there was "no net income" from the rental property, thus these items were not set forth on his petition or schedules.

**<u>Debtor's Opposition</u>**

The Debtor addresses the ownership of the watch in some detail and the circumstances by which he came into possession of it.  The Debtor certifies that it was left in a desk by his business partner after the partner left the company and that the watch was never given to him as a gift.  Further, he certifies that upon the Trustee's demand, he turned over the watch. Additionally, the Debtor certifies that he did not disclose his ownership interest in the 30-foot pleasure boat because there was no equity in the boat, and, further, while purchased by both the

Page 5
June 25, 2013

Debtor and Mr. Shem-Tov together, it is registered in Mr. Shem-Tov's sole name.  The Debtor

acknowledges that he did not disclose rental income from the Elizabeth, New Jersey property on

his schedules but asserts the non-disclosure was immaterial since ownership of the property and

the underlying mortgage were each fully set forth on Schedules A and D.  He did not list income

because it was negated by the property's expenses.  Lastly, the Debtor addresses the $50,000

transfer to his wife.  He understood it was marital property because the property was owned

together with his wife's brother and father and he had deposited the proceeds from the sale into

his joint bank account.  He states he believed it was appropriate to transfer $50,000 to his wife

because she had a marital interest in the property, thus denying any intent to defraud his

creditors.

## Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made

applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  *Id.*  At the summary judgment stage, the role

of the court "is not to weigh evidence, but to determine whether there is a genuine issue for

trial." *Knauss v. Dwek,* 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  The court must construe facts and inferences in a light

most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne,* 289

F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

Page 6
June 25, 2013

*Corp.,* 475 U.S. 574, 587–88 (1986)).  "Only evidence admissible at trial may be used to test a summary judgment motion.  Thus, evidence whose foundation is deficient must be excluded from consideration."  *Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact.  *See Knauss,* 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).  The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'"  *Cardenas v. Massey,* 269 F.3d 251, 254–55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.,* 477 U.S. at 322).  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson,* 477 U.S. at 247–48 (emphasis in original).  An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248.  Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick,* 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson,* 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.*  Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to

Page 7
June 25, 2013

judgment as a matter of law.  *Id.* at 248–50.  Such a judgment is appropriate "as a matter of law"

when the non-moving party has failed to make an adequate showing on an essential element of

his or her case, as to which he or she has the burden of proof.  *See Celotex Corp.,* 477 U.S. at

322–23.   When one party moves the court for summary judgment, Federal Rules of Civil

Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of

the non-movant, even if the non-movant has not filed a cross-motion for summary judgment.

*See Peiffer v. Lebanon Sch. Dist.,* 673 F. Supp. 147, 151–52 (M.D. Pa. 1987) (citation omitted).

On the other hand, a court must deny a motion for summary judgment when a genuine issue of

material fact remains to be tried, or where the moving party is not entitled to a judgment as a

matter of law.

### Debtor's Legal Arguments

The Debtor argues he did not have knowing intent to hinder, delay, or defraud his

creditors.  He states it was always his intention to sell his one-third interest in the property that

was acquired during his marriage to his father-in-law and to give his wife use of the proceeds to

open her own business, in which he would not have an interest.  He somehow believed this was

permissible, even though he believed the property was a marital asset when sold.

On the false oath issue, the Debtor argues that a plaintiff objecting to a debtor's discharge

under § 727(a)(4)(A) must prove:  (1) the debtor knowingly and fraudulent made a false oath,

and (2) the false oath related to a material fact.  *Scimeca v. Umanoff,* 169 B.R. 536, 542 (D.N.J.

1993).  *In re N.J. Mobile Dental Practice, PS,* 2012 WL 3018052 (D.N.J. 2012) addressed

materiality by stating:  "the subject matter of a false oath is material and thus sufficient to bar

Page 8
June 25, 2013

discharge if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the bankrupt's property . . . . Matters so trivial in nature as to have but little effect upon the estate and upon creditors have been treated as immaterial." (internal citations omitted).

The Debtor asserts the conflicting testimony of the Debtor and Mr. Shem-Tov alone creates a genuine issue of material fact precluding summary judgment. With respect to the half-interest in the boat, he claims it is immaterial because there appears to be no equity and Bank of America was granted relief from the automatic stay on May 3, 2012 to foreclose on the boat. With respect to the rental income, the ownership interest in the property was listed on Schedule A, but no expenses or income were listed on schedules J or I because the net effect was zero, thus he asserts it is immaterial.

**Trustee's Legal Arguments**

Under 11 U.S.C. § 727(a)(2)(A), a discharge in bankruptcy is to be granted to a debtor unless:

> The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody or property under this title, has transferred, removed, destroyed, mutilated, concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filling of the petition.

Section 727(a)(2)(A) has two components: a transfer or concealment of property and an improper subjective intent to hinder, delay, or defraud a creditor. *Rosen v. Benzer*, 996 F.2d 1527, 1531 (3d Cir. 1993).

Page 9
June 25, 2013

The subjective intent of the Debtor may be established by debtor's own testimony or the "badges of fraud," which include:

1. A gratuitous transfer of valuable property for inadequate consideration;

    - *Here, there was a transfer of $50,000 of proceeds to Debtor's wife for no consideration within one year before the bankruptcy petition was filed.*

2. A close relationship between a transferor and transferee;

    - *Here, there is a husband-wife relationship*

3. A transfer in anticipation of a pending lawsuit;

    - *Here, the transfer took place while the Debtor was a defendant in a pending lawsuit which resulted in a judgment against him in excess of $1.2 million dollars.*

4. A transferor/debtor who was insolvent or in poor financial condition at the time of the transfer;

    - *Here, the Debtor filed bankruptcy within a year with little or no assets.*

5. The transfer of all or substantially all of the debtor's property;

    - *Here, $50,000 was removed from the estate to solely benefit Debtor's wife.*

6. A transfer that so completely depletes the debtor's assets that the creditor was hindered or delayed in recovering any part of a judgment;

7. The retention of possession, benefits, or use of the property in question even though title exists with another.

Page 10
June 25, 2013

> ▪ *Here, the Debtor receives a benefit from the property transferred since it was used by his wife to start a business.*

The Bankruptcy Code also provides that the court shall not grant a discharge if the debtor knowingly and fraudulently, in connection with the case made a false oath or account.  11 U.S.C. § 727(a)(4)(A).  Full disclosure is at the heart of bankruptcy and critical to providing an accurate picture of a debtor's financial affairs.  *In re Vasquez,* Case No. 08-11086 (DHS), 2010 WL 1644175 at *3 (Bankr. D.N.J. April 21, 2010 (Steckroth J)).  The Bankruptcy Code is meant to discharge only the honest but unfortunate debtor.  *Grogan v. Garner,* 498 U.S. 279, 286-87 (1991).

Here, on both the Chapter 7 petition and during his Rule 2004 examination, the Debtor did not reveal or disclose his interest in the Cartier watch, nor his interests in a 30-foot pleasure boat or rental income.  Where a debtor acts with reckless and cavalier disregard of the truth with regard to the disclosures on his or her bankruptcy petition, there is a requirsite showing of intent for the purposes of 11 U.S.C. § 727(a)(4)(A).  *In re: Janet Corona, a/k/a Corona Suaraz Carpentry, Debtor, JRC Lumber Corp. v. Corona*, 2012 Bankr. LEXIS 2022 (Bankr. D.N.J. April 5, 2010).

Here, the Court does not believe a trial is necessary or will be helpful to a final adjudication of these issues since the Court is the ultimate trier of fact and has reviewed the certifications filed with these motions.

For the reasons that follow, the Trustee's motion is granted.  The § 727(a)(4)(A) action defining a debtor's failure to disclose or declare is fundamental to protection of creditors in a

Page 11
June 25, 2013

bankruptcy proceeding.  Disclosure has always been, in the Court's view, critical and absolutely essential to a bankruptcy discharge.  The pleasure boat and rental income failures are clear but because of their insignificant value, if any, this alone would not, in this case, prevent discharge due to their immateriality and non-effect upon the estate and creditors.  *Scimeca,* 169 B.R. at 542.

The Cartier watch, however, is a different story.  It is a valuable asset and not something the Debtor would have reasonably "forgot" to include on his petition.  The Debtor's explanation that it was not his watch (despite being worn on occasion), but merely was left behind by a former partner, which is specifically refuted by that partner's affirmation of having bought the watch for him, is simply not believable.  The fact the Debtor forgot to claim the watch twice, on the petition and at his 2004 examination, is not accepted as true by the Court.  I find Debtor's conduct constitutes a knowingly and fraudulent non-disclosure of a valuable asset and bars the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A).

Moreover, the transfer within one year of significant sale proceeds is also sufficient, under the circumstances herein, to bar discharge under § 727(a)(2)(A).  The transfer within a year is admitted.  The badges of fraud existing in this case are many, including the gratuitous transfer of valuable property for inadequate consideration, here, no consideration; the close relationship between the parties, here, husband and wife; the transfer made in anticipation of a pending lawsuit, here, while the Debtor was a defendant in a pending lawsuit that resulted in a $1.2 million dollar judgment against the transferor; the transferor being insolvent or in poor financial condition at the time of transfer, here, the Debtor having filed bankruptcy within a year;

Page 12
June 25, 2013

and a transfer of all or substantially all of the Debtor's property.  It is clear that this transfer

depleted the Debtor of $50,000 and that his creditors were hindered or delayed a recovery due to

such knowing conduct.  The badges of fraud are many and sufficient, taken together, for the

Court to find that the Debtor acted with intent to hinder, delay, or defraud his creditors and

discharge is barred for that reason.

  An Order in conformance with this Opinion has been entered by the Court and a copy

attached hereto.

     Very truly yours,

     *s/    Donald H. Steckroth*

     DONALD H. STECKROTH
     UNITED STATES BANKRUPTCY JUDGE

Enclosure